FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 18, 2015

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

|  | Case No. 1:14-cv-03175-JPH |
|---|---|
| MARK ADAMS, | |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 16, 21. Attorney D. James Tree represents plaintiff (Adams). Special Assistant United States Attorney L. Jamala Edwards represents defendant (Commissioner). The parties consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and the briefs filed by the parties, the court

ORDER ~ 1

1  **grants** defendant's motion for summary judgment, ECF No. 21.

2  ## JURISDICTION

3  Adams protectively applied for supplemental security income disability

4  benefits (SSI) on July 22, 2011, alleging onset as of February 8, 2007 (Tr. 149-157).

5  [He amended the date of onset at the hearing to the protective filing date, July 22,

6  2011. Tr. 43, 167.] The claim was denied initially and on reconsideration (Tr. 88-91,

7  93-95, 99-100, 103-04). Administrative Law Judge (ALJ) Riley J. Atkins held a

8  hearing April 15, 2013. Adams, represented by counsel, and a vocational expert

9  testified  (Tr. 39-56). On April 25, 2103, the ALJ issued an unfavorable decision (Tr.

10 20-34). The Appeals Council denied review September 22, 2014 (Tr. 1-5), making

11 the ALJ's decision final. On March 25, 2014 Adams filed this appeal pursuant to 42

12 U.S.C. §§ 405(g). ECF No. 1, 4.

13 ## STATEMENT OF FACTS

14 The facts have been presented in the administrative hearing transcript, the

15 ALJ's decision and the parties' briefs. They are only briefly summarized here and

16 throughout this order as necessary to explain the Court's decision.

17 Adams was 43 years old when he applied for benefits and 49 at the hearing.

18 He graduated from high school and has taken college classes, but he has not earned a

19 degree. He has worked as a security guard, construction laborer, and cashier. He last

20 worked in 2006 and lives alone. Activities include reading, watching television and

using a computer. Adams alleges physical and mental limitations (Tr. 44, 46, 171, 302).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§

404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.

ORDER ~ 4

1971); *Meaneal v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner]

may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## ALJ'S FINDINGS

At step one the ALJ found Adams did not work at SGA levels after he applied for benefits  (Tr. 22). At steps two and three, he found Adams suffers from morbid obesity, back pain and depression, impairments that are severe but do not meet or

medically equal a Listed impairment  (Tr. 22-23). The ALJ found Adams less than fully credible (Tr. 25). He found Adams is able to perform a range of light work  (Tr. 24).  At step four, relying on a vocational expert, ALJ Atkins found Adams is unable to perform his past relevant work (Tr. 33). At step five, again relying on a VE,  the ALJ found Adams can perform other jobs, such as assembly worker and packager/sorter. Accordingly, the ALJ found Adams is not disabled as defined by the Act  (Tr. 34).

## ISSUES

Adams alleges the ALJ erred when he evaluated the medical evidence and credibility. ECF No. 16 at 5. The Commissioner responds that the ALJ's findings are factually supported and free of harmful legal error. She asks the court to affirm. ECF No. 21 at 3.

## DISCUSSION

*A. Credibility*

Adams alleges the ALJ's credibility assessment is not properly supported. ECF No. 16 at 23-25.

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190,  1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th

Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ's finding is fully supported.

Plaintiff has received conservative treatment. Medical evidence contradicts claimed disabling limitations. Plaintiff has failed to follow medical treatment without adequate explanation (Tr. 25).

Adams alleged he is unable to work because of high blood pressure, major depression, back injury, sleep apnea, memory problems, two separate head injuries, insomnia, constant ringing in the ears, problems concentrating and anxiety around large groups of people (Tr. 171). With respect to back pain, the ALJ is correct that treating sources recommended conservative treatment. No medication is prescribed for back pain (Tr. 25, 287). Treating doctor Christopher Samuels, M.D., opined several times Plaintiff is not disabled and can work (Tr. 263, 269, 453). Plaintiff failed to take medication for high blood pressure daily as prescribed, without adequate explanation (Tr. 266--no explanation; 269--no explanation; 271--"forgetting"; 279-- "only missed a couple of days of his meds").

Daily activities are inconsistent with the limitations Adams describes. Adams says he spends most of the day on the computer. He reads and attends a geneology meeting once a month (Tr. 46, 185, 207). The ALJ notes computer use and reading are inconsistent with plaintiff's allegation that he is unable to concentrate. Plaintiff also drives, cooks, shops and is able to go out alone. He goes to movies with his best friend. He can only "stand to be around" his best friend and the friend's family. In 2011 he agreed to continue seeing friends three times a week. At times he has "helped with cows" (August 2010) and worked in his shop (October 2011) (Tr. 184, 206-08, 273, 287, 307, 316).

The ALJ considered plaintiff's somewhat poor work history and inability to satisfactorily explain that lack of work history. The record shows he did not work for ten years prior to the alleged onset date (Tr. 32-33, 159-60).

Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ can consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Subjective complaints contradicted by medical records and by daily activities are properly considered. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002). Evidence of conservative treatment is sufficient to discount a claimant's testimony regarding the severity of an impairment. *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007).

1    The ALJ's credibility assessment is supported by the evidence and free of

2 harmful error.

3    *B. Medical evidence*

4    Adams alleges the ALJ failed to properly credit the opinions of treating,

5 examining and reviewing professionals. ECF No. 16 at 12-16. He points to the

6 opinions of Heistand, Didier, Edwards, Belding, Ragonesi and Harmon. The

7 Commissioner responds that the ALJ appropriately weighed these and other opinions

8 and evidence. ECF No. 21 at 13.

9    The Commissioner is correct.

10    <u>1. Medical opinions</u>

11    In August 2009 treating physician Christopher Samuels, M.D., assessed an

12 RFC for light work (Tr. 462). In January 2010 he opined plaintiff could perform

13 medium work (Tr. 456). In August 2010 he described plaintiff's depression as stable

14 (Tr. 279). In January 2011, Dr. Samuels again opined plaintiff is able to work (Tr.

15 282, 450, 452-53). Six months later he opined nothing significant had occurred with

16 respect to plaintiff's physical health (Tr. 283). In July 2011 he opined plaintiff can

17 stand four out of eight hours, sit for eight, lift fifty pounds occasionally and

18 frequently lift 20 pounds (Tr. 448).

19    Kevin Weeks, D.O., examined plaintiff September 17, 2011 (Tr. 256-61). He

20 reviewed x-rays dated the same date. Plaintiff alleged back injuries in 1982 and 1992

ORDER ~ 10

made him unable to work since 2007. He has treated with a chiropractor but never

had physical therapy or surgical consideration. He suffers from obstructive sleep

apnea and uses a CPAP machine. Plaintiff lives alone. He cooks, drives, shops and

has difficulty cleaning house because he "simply does not feel like doing it" and

feels it is a reflection of his depression. He attends monthly geneology meetings,

plays computer games and reads. He takes sertraline (zoloft) for depression. He

appeared somewhat depressed, with a very flat affect. Muscle strength and tone are

5/5 (Tr. 259). He opined plaintiff can stand or walk six hours out of eight and sitting

is unlimited (Tr. 256-60).

### 2. Psychological opinions

In April 2010, therapists Candi Didier, M.S., and Carol Jurs, M.A., evaluated

plaintiff. They assessed major depressive disorder, NOS, dysthymic disorder and

dependent personality features, cluster C characteristics (Tr. 325).

In July 2010 Aaron Edwards, M.A., noted plaintiff felt he could work at a

sedentary job with occasional movement. He sometimes helped a friend who owns a

convenience store (Tr. 434). In September 2010 Mr. Edwards noted plaintiff's mood

and affect brightened after he took medication consistently and increased social

contact (Tr. 358). A month later, he observed plaintiff would no longer qualify for

services at the end of October. Plaintiff remained ambivalent about changing his life.

Edwards challenged plaintiff "to pursue vocational rehabilitation options" (Tr. 353).

He opined there "is no indication that going beyond the six months of treatment that he is allotted for GAU is necessary" (Tr. 366, 377). In January 2011 he observed plaintiff volunteers one day a week at the Discovery Center and attends monthly geneology meetings. He has not worked full time since 1994 (Tr. 428-30).

In June 2012 treating psychiatrist Kari Heistand, M.D., opined plaintiff was markedly and moderately limited by mental impairments. Plaintiff points out that this is after two years of treatment, and after Dr. Heistand saw plaintiff about seven times. Dr. Heistand saw plaintiff for medication management. In 2012 Plaintiff told her he reads on the computer until three a.m. (Tr. 392-94, 413). She previously diagnosed dysthymic disorder, major depressive disorder (recurrent) and avoidant personality disorder in August 2010 and November 2011. In 2011 she changed plaintiff's medication from zoloft to celexa (Tr. 299-304, 305-09).

Therapist Lisa Belding, B.A., worked with plaintiff on setting goals and treatment planning (Tr. 330, 336, 343-44). In August 2012 she opined he suffers moderate and marked limitations and his condition is unlikely to change (Tr. 410).

Dr. Amanda Ragonesi, Psy.D. evaluated Adams on August 31, 2011 for memory assessment at the request of Disability Determination Services (Tr. 251-54). She opined memory testing was within normal limits but observed symptoms consistent with major depressive disorder. She opined plaintiff is prone to respond to the stress of a typical work setting with increased symptoms of depression. This, in

turn, is likely to negatively impact his ability to tolerate the pressure of a typical work setting. Ongoing struggles with worthlessness and social withdrawal are likely to interfere with his ability to maintain socially appropriate behavior (Tr. 253-54). The Commissioner points out the ALJ included limitations in the RFC that are consistent with Dr. Ragonesi's opinion, including limiting plaintiff to simple tasks and no more than occasional public contact. ECF No. 21 at 15-16.

Finally, DDS reviewing source Dr. Dana Harmon, M.D., opined on September 14, 2011 plaintiff "appears to meet the SSA criteria for [Listing] 12.04" but the data sent for review did not include the necessary information, including a relevant evaluation by a Ph.D or M.D. (Tr. 501-05). The Commissioner answers that the ALJ's failure address this evidence is harmless error since when read carefully it supports the ALJ's decision. ECF No. 21 at 16-17.

The Commissioner is correct.

The ALJ rejected some of Dr. Heistand's more dire assessments because she failed to provide any objective evidence supporting it, it was on a check box form and plaintiff improved when he consistently took prescribed medication and increased social contact (Tr. 30-31). The ALJ's reasons are specific, legitimate and supported by the record. An ALJ may properly reject any opinion that is brief, conclusory and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Opinions given in formats that provide little

opportunity for the physician to explain the bases of their opinion, such as check-box forms, are entitle to little weight. *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996). Moreover, plaintiff *himself* felt he was able to work at various times, and he has engaged in activities such as volunteering that indicate greater ability than alleged (Tr. 302, 307, 428, 434, 443).

The ALJ accepted therapist Didier's opinion plaintiff should have limited public contact and can follow simple directions (Tr. 26, 28-29). In July 2011 she opined it was unlikely plaintiff would be able to work successfully (Tr. 29, 406). The ALJ rejected this opinion because, thereafter, plaintiff reported feeling better with medication and increased social contact. In August 2012 plaintiff reports he leaves the house four times per week, inconsistent with Didier's opinion he suffers moderate and marked social limitations (Tr. 29, referring to Tr. 331, 337, 341, 410, 414 (December 2011-June 2012)). As a non-acceptable medical source, Ms. Didier's opinion need only be rejected by germane reasons. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ's reasons are germane. Ms. Didier's opinion is contradicted by other evidence, including plaintiff's self-reported activities.

With respect to Mr. Edwards' opinions, the ALJ credited his opinions plaintiff is able to follow simple instructions (Tr. 28) but rejected his opinion plaintiff is moderately limited in the ability to relate to co-workers or supervisors because plaintiff reported he usually gets along with authority figures (Tr. 28, *comparing* Ex.

15F/4 *with* Ex. 5E/7, 12F/9). As Mr. Edwards is also a non-acceptable medical source, the ALJ's reason is germane.

Similarly, Ms. Belding is a non-acceptable medical source. The ALJ did not credit her August 2012 opinion plaintiff's condition is unlikely to change or her assessed marked and moderate limitations because the record shows greater functioning and improvement. Plaintiffs condition improved with medication and increased social contact. And his range of activities is inconsistent with marked limitations. These are germane reasons.

The ALJ credited Dr. Ragonesi's August 2011 opinion  (Tr. 30). His RFC included a limitation to simple routine tasks, which would reduce stress, and limited public contact. The assessed RFC appears to fully account for the assessed limitations. Plaintiff fails to show how the ALJ erred in translating Dr. Ragonesi's opinion into the assessed RFC. The ALJ appropriately included the limitations supported by the record.

Adams alleges the ALJ should have weighed the evidence differently, but the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at

1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

The ALJ's determinations are supported by the record and free of harmful legal error.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 21**, is **granted.**

Plaintiff's motion for summary judgment, ECF No. 16, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 18th day of November, 2015.

*S/ James P. Hutton*

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER ~ 16